131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Jose Ramon CERVANTES, Defendant-Appellant.
 No. 97-10002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 10, 1997.
Nov. 17, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CR s-96-090-DFL. David F. Levi, District Judge, Presiding
 
 
 2
 Before: FLETCHER, WIGGINS and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioner Jose Ramon Cervantes appeals his conviction for conspiracy to distribute heroin and possession with intent to distribute heroin. Cervantes claims that the district court erred in admitting expert testimony that he had the mental state of intent to distribute, and that the government presented false testimony by allowing a witness to deny the terms of his plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 5
 Since Cervantes failed to object to either of these claims at trial, we review the district court's judgment for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). Under a plain error standard, the appellant must show that (1) an error occurred; (2) the error was plain; (3) the error "affects substantial rights"; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732.
 
 I.
 
 6
 With respect to the admission of expert testimony, we hold that the testimony was properly admitted to show that the quantity of drugs seized was for distribution and not personal use. We allowed this same testimony in United States v. Gomez-Norena. 908 F.2d 497, 501-02 (9th Cir.1990). As in Gomez-Norena, the testimony here was directed at the characterization of the drugs and not Cervantes' intent. While Officer Ureste's answer was emphatic, his testimony did no more than to establish that the quantity of drugs seized was consistent with a quantity possessed for distribution and not for personal use.
 
 II.
 
 7
 With respect to the claim that false testimony was admitted, we conclude that the district court did not err in allowing the testimony and that even if the testimony were false it was harmless. The evidence presented does not support finding that Alfonso Diaz Reyes falsely testified about the terms of his plea agreement. The fact that Reyes, an illegal immigrant, was released on bail is ambiguous evidence at best of an agreement between Reyes and the government to provide testimony in return for bail. Given the ambiguity, the district court properly allowed Cervantes to argue bias before the jury and to pursue his allegations on cross-examination of Reyes. Reyes denial that his release on bail was a term of the plea agreement is not plainly false. Absent sufficient proof of an agreement, we do not find plain error.
 
 
 8
 Moreover, even if we were to find plain error, Cervantes failed to prove that the error had a prejudicial effect on his substantial rights. Olano, 507 U.S. at 734. Cervantes' reliance on United States v. Young, 17 F.3d 1201 (9th Cir.1994), to prove prejudicial effect is misplaced. The false testimony in Young was found to have a reasonable probability of changing the outcome of the case, whereas Reyes alleged false statement is unlikely to have affected the verdict against Cervantes.
 
 
 9
 In Young, a police officer falsely testified that he found notebooks relating to drug manufacturing taped under the dashboard of the defendant's truck, when he actually found them in a paper bag on the floor of the truck. 17 F.3d at 1202. Since Young's involvement with the drug trafficking was a disputed question, this false statement made his involvement more likely.
 
 
 10
 Unlike Young, Reyes's false statement was not essential for the jury's understanding of his bias. The jury was made aware of Reyes' bias by the prosecution's presentation of the plea agreement on direct examination, the defendant's cross exainination, the prosecution's redirect, and the defendant's opening and closing arguments. In addition, the district court also instructed the jury to examine Reyes' testimony with caution because of the potential for bias associated with a plea agreement.
 
 
 11
 Finally, testimony by other witnesses at the trial independently supported the jury verdict. Therefore, the false testimony was not material to the essential issue of guilt. Johhson v. United States, 117 S.Ct. 1544, 1550 (1997). The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3